**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Estate of Joseph J. Studnek, by and through its Personal Representative, Joseph M. Studnek,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Ambassador of Global Missions Unlimited, and his Successor, et al.,<br><br>　　　　　Defendants. | No. CIV-04-0595-PHX-MHM<br><br>**ORDER** |

Plaintiff has filed a motion for leave to amend the First Amended Complaint. (Doc. 67). Plaintiff is seeking leave to name additional defendants identified as follows: Monica C. Cisneros; Michael Cambra and Gloria Cambra, husband and wife; Joel David and Cindy David, husband and wife; El Shaddai Ministries and his Successors, a Corporation Sole, a Nevada Corporation; Second Chance Christian Evangelistic Ministries, a California corporation; Bishop of Faith Vision Noble House and His Successors, a California corporation; and Keith Aaron Vann and Trisha Vann, husband and wife. Plaintiff summarily states that these additional defendants are needed for just adjudication and that complete relief cannot be accorded among those already parties, citing Fed.R.Civ.P. 15 and 19. Plaintiff has attached with the motion a proposed Second Amended Complaint that indicates the proposed amendments to the First Amended Complaint. See LRCiv. 15.1(a)(1).

1   Plaintiff appears to rely on Fed.R.Civ.P. 19(a) which provides in relevant part for
2 joinder of a party who is subject to service of process and whose joinder will not deprive the
3 court of subject matter jurisdiction if in the person's absence complete relief cannot be
4 accorded among those already parties. Plaintiff's motion to file the Second Amended
5 Complaint was filed on September 28, 2005, the date set in the Fed.R.Civ.P. 16 Scheduling
6 Order as the deadline for filing motions to amend the complaint and to add additional parties.
7 No response in opposition to Plaintiff's motion for leave to file Second Amended Complaint
8 has been filed.

9   Leave to file an amended pleading under Fed.R.Civ.P. 15(a) "shall be freely given
10 when justice so requires" and this policy "'is to be applied with extreme liberality.'" Owens
11 v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)(quoting Morongo
12 Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Inferences should
13 be drawn "in favor of granting the motion" to amend. Griggs v. Pace American Group, Inc.,
14 170 F.3d 877, 880 (9th Cir. 1999).  Rule 21, Fed.R.Civ.P., provides in relevant part that
15 parties may be dropped or added "by order of the court on motion of any party ... at any stage
16 of the action and on such terms as are just."  Courts generally have applied the same
17 equitable considerations in determining joinder or amendment. Heslop v. UCB, Inc., 175 F.
18 Supp. 2d 1310, 1316-17 (D.Kan. 2001).

19   **Accordingly,**

20   **IT IS ORDERED** that Plaintiff's motion for leave to amend the First Amended
21 Complaint (Doc. 67) is granted.

22   **IT IS FURTHER ORDERED** that Plaintiff shall file a properly signed original
23 Second Amended Complaint within five (5) days of the filing date of this Order. See LRCiv.
24 15.1(2) & (3).

25   DATED this 8th day of November, 2005.

_____
Mary H. Murguia
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28