**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Joseph J. Studnek, by and through its Personal Representative, Joseph M. Studnek, | No. CIV-04-0595-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Ambassador of Global Missions UN Limited his Successors, et al., | |
| Defendants. | |
| Ambassador of Global Missions UN Limited His Successors, | |
| Counterclaimant, | |
| vs. | |
| Estate of Joseph J. Studnek, | |
| Counterdefendant. | |

        Defendants El Shaddai Ministries, Second Chance Ministries and Michael Cambra have filed a motion to quash or for protective order re document subpoena to Wells Fargo, N.A. (Doc. 112). These Defendants have requested expedited consideration of the motion to quash or for protective order. (Doc. 113). Plaintiff has filed a response (Doc. 116) and

1  Defendants have filed a reply. (Doc. 117). The Court held a hearing on Defendants' motion

2  to quash or for protective order on May 11, 2006 and now enters this Order.

3          Documents attached to the motion to quash show that Plaintiff served a deposition

4  for records notice on Wells Fargo on April 17, 2006. The deposition notice and document

5  production was set for May 3, 2006 at 1:00 p.m. The documents that have been requested

6  are financial documents relevant to Defendants El Shaddai Ministries, Second Chance

7  Ministries and Mr. Cambra, as well as to other named Defendants, including Global Missions

8  and Joseph Williams. The subpoena and deposition notice direct Wells Fargo to provide

9  copies of the following records relevant to El Shaddai Ministries, Second Chance Ministries

10  and Mr. Cambra: bank statements, cancelled checks and deposits, certificates of deposit,

11  loans, notes, contracts, negotiable instruments, accounts receivable, financial statements,

12  expense records, balance sheets, profit and loss statements, documents reflecting interests in

13  partnerships and businesses, and corporate resolutions and minutes for all checking and

14  savings accounts from January 2001 through the present date, which is a period of

15  approximately five years. Defendants El Shaddai, Second Chance and Mr. Cambra contend

16  that they have pending motions to dismiss the second amended complaint which  raise

17  meritorious arguments, that is, that this Court lacks personal jurisdiction over them and the

18  second amended complaint fails to state a cognizable claim for relief against them. These

19  Defendants contend it is premature for Plaintiff to seek discovery as to them, citing

20  Fed.R.Civ.P. 26(d).

21          Plaintiff has filed a response opposing the Defendants' motion to quash or for

22  protective order. Plaintiff contends that these Defendants lack standing to quash the

23  subpoena, they lack a privacy right or privilege as to the documents requested, and that the

24  documents requested are key to this litigation as they show the financial relationship of all

25  Defendants. Plaintiff states that the documents will show that the Defendants were acting

26  in concert as to the fraud alleged in the second amended complaint. Plaintiff asserts that the

27  requested financial information is key to the Court's ruling on Defendants' pending motions

28  to dismiss for lack of personal jurisdiction and for failure to state a claim for relief.

1    In their filed reply, Defendants do not appear to dispute various of the issues raised

2  by Plaintiff but contend that they are simply seeking to stay the requested discovery until the

3  Court has ruled on their motions to dismiss.  Defendants urge the Court to take a "preliminary

4  peek" at the motions to dismiss to determine if the grounds appear to be meritorious.

5  Defendants further contend that Plaintiff will not be prejudiced by a stay of discovery

6  pending resolution of the motions to dismiss.

7    The Court has preliminarily reviewed the motions to dismiss filed by Defendants El

8  Shaddai, Second Chance and Mr. Cambra.  These Defendants have set forth a factual

9  discussion in support of their argument that they have not had sufficient contacts with the

10  State of Arizona on which to base personal jurisdiction. Plaintiff has filed a response which

11  asserts an alter ego theory involving these Defendants and Defendants Williams and Global

12  Missions. Plaintiff has argued in the alternative that the Court may consider the pending

13  motions to dismiss as motions for summary judgment and that Plaintiff should be permitted

14  to pursue discovery on the relationship of the Defendants and the alleged fraud.  At the

15  hearing, counsel for Defendants expressed concern over the delays in this case and Plaintiff's

16  alleged conclusory argument based on an alter ego theory, noting that Plaintiff has filed a

17  response to the motions to dismiss but has not previously requested discovery on the issue

18  of personal jurisdiction.

19    The Court has determined that Plaintiff should be permitted limited access to any

20  documents that are the subject of the subpoena to Wells Fargo that bear on the issue of

21  personal jurisdiction of Defendants El Shaddai Ministries, Second Chance Ministries and Mr.

22  Cambra.  The Court notes in this regard that Defendants Global Missions and Mr. Williams

23  have not objected to the records subpoena issued as to Wells Fargo.  Counsel for Defendants

24  El Shaddai, Second Chance and Mr. Cambra also represents Defendant Global Missions.

25  Plaintiff has made a request for discovery, in the alternative, in its response to the motions

26  to dismiss.  In the case of a plaintiff asserting an alter ego theory as to named defendants,

27  jurisdictional discovery is often appropriate where the record has not been fully developed.

28

1   See Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Limited, 328 F.3d

2   1122, 1134-35 (9th Cir. 2003).

3          Counsel for Plaintiff and Defendants El Shaddai, Second Chance and Mr. Cambra

4   are directed to meet and confer as necessary, and without undue delay, in an effort to reach

5   an agreement on the terms of a proposed protective order regarding the documents that have

6   been subpoenaed from Wells Fargo. The limited jurisdictional discovery should be

7   completed within 30 days of the filing date of this Order.  Meanwhile, Wells Fargo should

8   comply with the subpoena regarding any request for documents to which there has been no

9   objection by any other named Defendant who has been properly served with the summons

10  and complaint, or any amended complaint, in this case.  Defendants' motions to dismiss for

11  lack of personal jurisdiction and failure to state a claim for relief remain under consideration

12  by the Court.

13          **Accordingly**,

14          **IT IS ORDERED** that the motion to quash or for protective order (Doc. 112) filed

15  by Defendants El Shaddai Ministries, Second Chance Ministries and Michael Cambra is

16  granted in part and denied in part as set forth in this Order.

17          **IT IS FURTHER ORDERED** that Defendants' motion to quash is denied to the

18  extent that limited discovery on the issue of personal jurisdiction of  Defendants El Shaddai

19  Ministries, Second Chance Ministries and Michael Cambra shall be permitted and shall be

20  completed within 30 days of the filing date of this Order.

21          **IT IF FURTHER ORDERED** that Defendants' motion to quash or for protective

22  order is granted to the extent that discovery related to non-personal jurisdiction matters shall

23  not be permitted at this time.

24          **IT IS FURTHER ORDERED** that Defendants' motion for expedited consideration

25  (Doc. 113) is denied as moot.

26          DATED this 19th day of May, 2006.

27

28

_____
Mary H. Murguia
United States District Judge