**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Joseph J. Studnek, by and through its Personal Representative, Joseph M. Studnek, <br><br> Plaintiff, <br><br> vs. <br><br> Ambassador of Global Missions UN Limited, and his Successors, et al., <br><br> Defendants. | No. CIV-04-0595-PHX-MHM <br><br> **ORDER** |

Pending before this Court are the Motions to Dismiss Plaintiff's Second Amended Complaint submitted by Defendants Joel David and Cindy David (Dkt. 108 and 109) ("the David Defendants"). Plaintiff has filed a Response to both David Defendants' Motions to Dismiss (Dkt. 129 and 130).

I.   FACTUAL BACKGROUND

In their Motions to Dismiss Plaintiff's Second Amended Complaint, the David Defendants assert that dismissal of the case against them is appropriate on the grounds that the Court has no personal jurisdiction over them and, alternatively, that Plaintiff has failed to state a claim against them upon which relief can be granted. Joel David contends that he is a notary who happened to notarize a document that is part of the litigation between the Estate of Joseph J. Stucnek and the other named Defendants. Cindy David states that she is

1  simply the wife of the notary, Joel David, who happened to notarize a document that is part
2  of the litigation between the Estate of Joseph J. Stucnek and the other named Defendants.
3       In his Response, Plaintiff argues that this Court has personal jurisdiction over the
4  David Defendants because the events complained of against Mr. David occurred in Arizona
5  and that Cindy David received proceeds from the alleged fraud.  As proof, Plaintiff attaches
6  a document signed by Mr. Joseph Lawrence Williams, a Defendant in this case, listing
7  various crimes and civil acts that Mr. Williams has committed.  See Plaintiff's Response in
8  Opposition to the David Defendants' Motions to Dismiss the Second Amended Complaint,
9  Exh. A.  In this document, Mr. Williams also provides names of other persons with whom
10 he worked to commit these wrongs.  Id.

11 II.    BURDEN OF PROOF
12      The plaintiff bears the burden of establishing personal jurisdiction.  See
13 Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir.2004) (citing Sher v.
14 Johnson, 911 F.2d 1357, 1361 (9th Cir.1990)).  When a defendant moves, prior to trial, to
15 dismiss a complaint under Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff is
16 'obligated to come forward with facts, by affidavit or otherwise, supporting personal
17 jurisdiction'" over the defendant.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986).

18 III.    SUBSTANTIVE PERSONAL JURISDICTION
19      Where there is no applicable federal statute governing personal jurisdiction, a federal
20 court applies the personal jurisdiction rules of the forum state.  Schwarzenegger, 374 F.3d
21 at 800.  Arizona's long-arm statute provides for personal jurisdiction to the extent permitted
22 by the Due Process Clause of the United States Constitution.  Ariz. R. Civ. P. 4.2(a).[1]  Absent
23 traditional bases for personal jurisdiction (i.e., physical presence, domicile, and consent) the
24 Due Process Clause requires that a nonresident defendant have certain minimum contacts
25 with the forum state such that the exercise of personal jurisdiction does not offend traditional

---

[1] Ariz. R. Civ. P. 4.2(a) provides, in pertinent part: "A court of this state may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States."

1  notions of fair play and substantial justice.  See Int'l Shoe Co. v. Washington, 326 U.S. 310,
2  316 (1945); Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir .1997) (citing Int'l
3  Shoe, 326 U.S. at 316).
4  "In determining whether a defendant had minimum contacts with the forum state such
5  that the exercise of jurisdiction over the defendant would not offend the Due Process Clause,
6  courts focus on 'the relationship among the defendant, the forum, and the litigation.'" Shaffer
7  v. Heitner, 433 U.S. 186, 204 (1977).  If a court determines that a defendant's contacts with
8  the forum state are sufficient to satisfy the Due Process Clause, then the court must exercise
9  either "general" or "specific" jurisdiction over the defendant.  See Helicopteros Nacionales
10 de Colombia v. Hall, 466 U.S. 408, 414-15 nn. 8-9 (1984) (citations omitted); Doe, 112 F.3d
11 at 1050. The nature of the defendant's contacts with the forum state will determine whether
12 the court exercises general or specific jurisdiction over the defendant.  Id.
13         A.    GENERAL JURISDICTION
14 A court may assert general jurisdiction over a nonresident defendant "[i]f the
15 defendant's activities in the state are 'substantial' or 'continuous and systematic,' . . . even if
16 the cause of action is unrelated to those activities."  Doe, 112 F.3d at 1050-51 (quoting
17 Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th
18 Cir.1986)); see Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir.1995).
19 Defendants Joel and Cindy David argue that they do not have "substantial" or
20 "continuous and systematic" contacts with Arizona, and the Court agrees.  The Davids assert
21 that they do not have, nor have they had, an office, telephone, telefax number, mailing
22 address, or bank account in Arizona, nor do they own or lease property in Arizona.  Further,
23 the Davids do not have a residence in Arizona, they have not been employed or had
24 employees in Arizona, nor have they ever traveled to Arizona.  Further, Defendants are not
25 licensed to do business in Arizona and do not have a statutory agent in Arizona. Because
26 Defendants' activities in the forum state are not sufficiently substantial, this Court cannot
27 assert general jurisdiction over the David Defendants.
28         B.    SPECIFIC JURISDICTION

1    If a defendant does not have substantial or continuous and systematic contacts with the forum state, then the court must determine whether the defendant has had sufficient contacts with the forum state such that the exercise of specific jurisdiction over the defendant would not offend the Due Process Clause. See Int'l Shoe, 326 U.S. at 316; Core-Vent v. Nobel Industries AB, 11 F.3d 1482, 1485 (9th Cir. 1993). The Ninth Circuit applies a three-prong test to determine whether the defendant's contacts with the forum state are sufficient to subject him to the state's specific jurisdiction. Schwarzenegger, 374 F.3d at 802. Under this three-prong test, specific jurisdiction exists only if: (a) the nonresident defendant purposefully directs activities or consummates some transaction with the forum-state, or performs some act by which he personally avails himself of the privilege of conducting activities in that forum; (b) the claim arises out of or relates to the defendant's forum-related activities; and (c) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable. Id.; see, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir.2000) (citing Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir.1997)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985).

### 1. PURPOSEFUL AVAILMENT REQUIREMENT

The United States Supreme Court has provided a specific jurisdiction test which requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958) (citing Int'l Shoe, 326 U.S. at 319). The Ninth Circuit has held that courts should apply the "purposeful availment" test enunciated in Hanson to claims for breach of contract, including those involving related tort claims. See Roth v. Garcia Marquez, 942 F.2d 617, 621 (9th Cir. 1991) (applying purposeful availment test in breach of contract action). A defendant has engaged in affirmative conduct and thereby "purposely availed himself of the benefits of a forum if he has deliberately 'engaged in significant activities within a State or has created "continuing obligations" between himself and the residents of the forum.'" Gray & Co v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (quoting Burger King, 471 U.S.

- 4 -

1 at 475-76); see Cybersell, Inc., 130 F.3d at 417 (stating that "the 'purposeful availment' requirement is satisfied if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents") (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.1995)). Further, any specific contacts by the defendant must have resulted directly from the defendant's purposeful conduct and not the unilateral activity of the plaintiff or others. See Helicopteros, 466 U.S. at 417.

Finally, in analyzing the purposeful availment requirement, the Ninth Circuit performs a qualitative evaluation of the defendant's contact with the forum state to determine whether "the 'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' " Core-Vent, 11 F.3d at 1485 (quoting Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Here, Plaintiff's Complaint states a claim for breach of contract and failure of consideration; therefore, the Court will apply the purposeful availment test in determining whether there is specific jurisdiction over Defendants. In applying the purposeful availment test, the Court acknowledges that Plaintiff bears the burden of proving that Defendants purposefully availed themselves of the laws of the forum state. Seemingly in an attempt to meet his burden, Plaintiff has provided an exhibit with information on Global Missions UN Limited, another Defendant in this case. This document, signed by Defendant Williams, states the criminal and civil acts for which he is responsible and describes his fraudulent activity. This same document goes on to name other persons with whom Mr. Williams alleges to have worked illegally.

In part, this document states as follows:

> I also have a paralegal/notary who will do what I tell him to do. He might have allegedly filed documents for or against you on my behalf.
> Paralegal/notary information:
>
> Joel David                    Cindy David
> 271 Ano Avenue                271 Ano Avenue
> San Lorenzo, CA 94580         San Lorenzo, CA 94580
>
> Employer: Notary              Employer: World Savings

1    Plaintiff appears to base his claims against the David Defendants on this written
2 document signed by Mr. Williams.  However, Plaintiff's attempt to connect the Davids to
3 the forum state seems tenuous.  Merely providing a document that lists the Davids as
4 "paralegal/notary" for Mr. Williams does not connect the Davids to the forum state.
5 Plaintiff provides no other documentation to make the connection.  Thus, Plaintiff has not
6 proven that the Davids had such minimum contacts with the forum state such they should
7 reasonably anticipate being haled into court there.

8                    2.        CLAIMS ARISING OUT OF ACTIVITIES

9    The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's
10 cause of action arises out of the defendant's forum-related activities. Doe, 112 F.3d at
11 1051; see Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 271 (9th Cir. 1995).
12 The "arising out of" requirement is met if, but for the contacts between the defendant and
13 the forum state, the cause of action would not have arisen. See Terracom v. Valley Nat.
14 Bank, 49 F.3d 555, 561 (9th Cir. 1995)..

15    The Count finds that the "but for" test is not satisfied in this matter because the
16 cause of action does not arise out of any contacts between the David Defendants and the
17 forum state.  Plaintiff bases his connection between the David Defendants and the State of
18 Arizona on his alter ego argument.  Plaintiff contends that the David Defendants are the
19 alter ego of Global Missions UN Limited and Mr. Williams and, therefore, they are liable
20 for wrongs committed by Global Missions UN Limited and Mr. Williams.  (See Dkt. 129,
21 3:13-17, "Joel David is an alter ego of Global and Williams and did participate in a
22 common fraud scheme."  See also Dkt. 130, 3:13-17.)

23    For a plaintiff to establish general jurisdiction over a foreign defendant through an
24 alter ego theory, a plaintiff must make a prima facie showing of the following two
25 elements: "(1) that there is such unity of interest and ownership that the separate
26 personalities of the corporation and the individuals no longer exist and (2) that failure to
27 disregard the corporation would result in fraud or injustice."  Flynt Distributing Co., Inc.
28 Co., 734 F.2d 1389, 1393 (9th Cir. 1984); see also Gatecliff v. Great Republic Life Ins.

- 6 -

Co., 170 Ariz. 34, 37, 821 P.2d 725, 728 (1991) (alter ego requires proof of unity of control and that observance of the corporate form would sanction a fraud or promote injustice).

To make a prima facie showing, Plaintiff would have to show some sort of unity of interest or ownership between the David Defendants and the other Defendants. The only evidence Plaintiff provided was a document signed by Mr. Williams which lists Joel David and Cindy David as paralegal/notary to Mr. Williams. See Plaintiff's Response in Opposition to the David Defendants' Motions to Dismiss the Second Amended Complaint, Exh. A. This is insufficient to prove a prima facie case of alter ego. Therefore, the Court finds that Plaintiff has not proven that "but for" the David Defendants actions, the cause of action would not have arisen.

### 3. REASONABLENESS OF ALLOWING SUIT TO GO FORWARD AGAINST THE DAVID DEFENDANTS

An unreasonable exercise of jurisdiction violates the Due Process Clause even if the "purposeful availment" and "arising out of" requirements of the specific jurisdiction test are satisfied. See Ziegler, 64 F.3d at 474-75.; Int'l Shoe, 326 U.S. at 316 (holding that exercise of personal jurisdiction must "not offend traditional notions of fair play and substantial justice"). A district court presumes, however, that its exercise of jurisdiction over a defendant is reasonable if the first two requirements of the specific jurisdiction test are met. See Ballard, 65 F.3d at 1500 (citing Sher, 911 F.2d at 1364). If the first two requirements are satisfied, then the burden of proof shifts and the defendant "must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' " Id. (quoting Burger King, 471 U.S. at 477).

The Ninth Circuit considers the following seven factors in determining whether the exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient

1    judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest
2    in convenient and effective relief; and (7) the existence of an alternative forum. See
3    Ziegler, 64 F.3d at 475 (citing Terracom, 49 F.3d at 561) (finding that all seven factors
4    must be weighed, but none are dispositive); see also Worldwide Volkswagen, 444 U.S. at
5    292 (listing several of the seven factors).
6          The Court has not found that Plaintiff has met his burden of proving the first two
7    factors in the three-prong test used to establish specific jurisdiction.  Thus, the burden of
8    proof does not shift to the David Defendants to show lack of jurisdiction.  Nevertheless,
9    Defendants have applied this test to the circumstances involved to show that subjecting
10   them to personal jurisdiction in this forum would be unreasonable.  See Defendant Joel
11   David's Motion to Dismiss the Second Amended Complaint, at 10:14-26; Defendant
12   Cindy David's Motion to Dismiss the Second Amended Complaint, at 10:13-26.  For
13   example, Defendants points out that Joel is a notary public in California with no contacts
14   in Arizona and Cindy's connection is as Joel's wife (id.).  Defendants also state that it
15   would be a burden for them to litigate this claim in Arizona (id.) and that the burden on
16   the judicial system would be great because key witnesses are located out of the forum
17   state.  Id.  Based on the facts asserted, the Court finds that it would be unreasonable to
18   hail the David Defendants into the forum state.

20       C.    AGGREGATION OF ALLEGATIONS AGAINST MULTIPLE DEFENDANTS

22         The Supreme Court has held that a court may not aggregate the actions of all
23   defendants in determining personal jurisdiction of any one defendant based on contacts
24   with the forum state.  Rush v. Savchuk, 444 U.S. 320 (1980).  Though the relationships
25   between the parties may be significant in evaluating their ties to the forum, nevertheless, a
26   plaintiff must prove the requirements of International Shoe as to each defendant before a
27   court can exercise jurisdiction over a defendant.  Id. at 331.

1       Plaintiff's Response alleges a relationship between Joel David and Mr. Williams
2 and Global Missions as the basis for the Court's personal jurisdiction over the Joel David.
3 And the marital relationship between Joel and Cindy David as the basis for the Court's
4 personal jurisdiction over Cindy David.  Such an argument is insufficient to establish the
5 Court's personal jurisdiction over the David Defendants.  In order to establish the Court's
6 personal jurisdiction over the David Defendants, Plaintiff would need to show that the
7 David Defendants themselves took action or had an effect on the forum state.  Plaintiff
8 has not meet his burden of proof to establish the Court's personal jurisdiction over the
9 David Defendants.

10       Based on the foregoing, the Court finds that it lacks personal jurisdiction over the
11 David Defendants.  The Court need not consider Defendants' alternative argument that
12 Plaintiff has failed to state a claim upon which relief can be granted.  Instead, the Court
13 dismisses this case as to both Joel David and Cindy David.

14       **Accordingly,**

15       **IT IS ORDERED** that Defendant Joel David's Motion to Dismiss the Second
16 Amended Complaint (Dkt. 108) is granted.

17       **IT IS FURTHER ORDERED** that Defendant Cindy David's Motion to Dismiss
18 the Second Amended Complaint (Dkt. 109) is granted.

19       DATED this 9th day of November, 2006.

_____
Mary H. Murguia
United States District Judge